UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DONALD W. MOON,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CLARK COUNTY DETENTION CENTER et al.,<br><br>　　　　Defendants. | Case No. 2:14-cv-1468-JAD-VCF<br><br>**Order Partially Amending<br>January 21, 2015<br>Screening Order** |

## I.　DISCUSSION

On January 21, 2015, this Court entered a screening order, permitting some of Plaintiff's six claims in the amended complaint to proceed and dismissing others. (Doc. 9 at 14-16). In that order, the Court also denied Mr. Moon's motion for appointment of counsel. (*Id.* at 14). On February 9, 2015, he filed a motion for reconsideration. (Doc. 11). On March 25, 2015, the Attorney General's Office filed an opposition to the motion to dismiss. (Doc. 18).

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if the court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005).

The Court now addresses Plaintiff's arguments in turn.

1

### A.     Count I

In the screening order, the Court found that Plaintiff's deliberate-indifference-to-serious-medical-needs claim could proceed against Jane Does 1 and 2 (who were employees of the Nevada Department of Health) for refusing to test Plaintiff for HIV because he did not have a local Nevada address. (Doc. 9 at 5).  The Court dismissed defendant Nevada Department of Health with prejudice based on Eleventh Amendment sovereign immunity. (*Id.*).  The Court also dismissed this claim against Naphcare and CCDC[1] Medical Service Providers, without prejudice, because there were no allegations in the amended complaint against them. (*Id.*).  The Court emphasized that the two nurses were employees of the Nevada Department of Health and not employees of Naphcare or CCDC Medical Service Providers. (*Id.*).

In the motion for reconsideration, Plaintiff asserts that he alleged in his amended complaint that Naphcare and CCDC Medical Service Providers violated his Eighth Amendment rights because they failed to have policies and protocols in place to safeguard against medical orders not being carried out by medical staff and contract employees. (Doc. 11 at 1).  He argues that his amended complaint alleges that, after the nurses refused to test him via orders issues by Naphcare, Plaintiff verbally and in writing through the inmate grievance process notified Naphcare, CCDC Medical Service Providers, and the Las Vegas Metropolitan Police Department ("LVMPD")/CCDC that the nurses had refused to administer the ordered HIV test. (*Id.* at 1-2).

Upon review of the amended complaint, the Court finds that Plaintiff did make these allegations in the amended complaint. (Doc. 10 at 10-11).  The Court finds that this is sufficient to state a colorable claim for deliberate indifference to serious medical needs against these defendants and this claim shall proceed against defendant Jane Does 1 and 2, Naphcare, CCDC Medical Service Providers, and LVMPD/CCDC[2].

---

[1]  The CCDC is the Clark County Detention Center.

[2]  The Court addresses the misunderstanding with this defendant in part B of this order.

2

### B. Count II

In the screening order, the Court found that Plaintiff stated a colorable Equal Protection Clause claim against Jane Does 1 and 2 for refusing to test Plaintiff for HIV because he was not a Nevada resident. (Doc. 9 at 6). The Court dismissed the Nevada Department of Health based on sovereign immunity as against the CCDC because it is a building not subject to liability. (*Id.* at 6). The Court also dismissed this claim as against Naphcare and CCDC Medical Service Providers, without prejudice, because there were no allegations against them. (*Id.* at 7).

In the motion for reconsideration, Plaintiff apologizes for the misunderstanding in Counts I and II of the amended complaint about whether he was suing the CCDC or the Las Vegas Metropolitan Police Department. (Doc. 11 at 3-4). Plaintiff states that he sued "Las Vegas Metropolitan Police Dept." "Clark County Detention Center" and was trying to sue the LVMPD because it owns and operates the CCDC. (*Id.* at 3). Plaintiff also argues that he did make allegations against Naphcare, CCDC Medical Service Providers, and LVMPD/CCDC in his amended complaint. (*Id.* at 4-5).

Upon review of the amended complaint, the Court will liberally construe plaintiff's reference to defendant LVMPD/CCDC as naming the LVMPD as the defendant rather than the CCDC. Additionally, the Court will liberally construe Plaintiff's allegations as stating that he informed Naphcare, CCDC Medical Service Providers, and LVMPD/CCDC that Jane Does 1 and 2 refused to test him for HIV because he was a California resident and that, despite knowing this, those defendants did not provide any testing.[3] This claim shall proceed against defendants Jane Does 1 and 2, Naphcare, CCDC Medical Service Providers, and LVMPD/CCDC.

### C. Count III-Medical Allegations

In the screening order, the Court found that Plaintiff stated a colorable deliberate-indifference-to-serious-medical-needs claim against John Doe 1. (Doc. 9 at 9). The Court dismissed

---

[3] The Court notes that the amended complaint could be construed as alleging that Plaintiff had only informed Naphcare, CCDC Medical Service Providers, and LVMPD/CCDC that the nurses had refused to test Plaintiff for HIV but not the reason why. (*See* Doc. 10 at 13).

3

the claim, with prejudice, against Nurse Patt. (*Id.*). The Court also found that Plaintiff stated a colorable claim against Neven and Williams because he alleges they knew about his medical needs but did nothing to rectify the two-month delay in treatment. (*Id.* at 9-10). However, the Court dismissed the claim against Aranas, Cox, Sandoval, and Masto, with prejudice, because there were no allegations that they knew Plaintiff was an HIV-positive inmate who was not receiving his medication. (*Id.* at 10).

In the motion for reconsideration, Plaintiff alleges that Aranas, Cox, Sandoval, and Masto made up the board of prison commissioners and, thus, by statute, they were responsible for creating policies and protocols for subordinates to follow. (Doc. 11 at 5-6). Plaintiff argues that they should have known about his situation because the ACLU had filed a lawsuit alleging that medical care had fallen below the constitutional accepted minimum standards. (*Id.* at 6). He further contends that Cox should have known about Plaintiff because NRS § 209.385 requires prison officials to inform the prison director of any HIV positive inmate. (*Id.*). Plaintiff also asserts that he filed grievances to the Inspector General's Office and, thus, defendants should have known about his HIV status and his inability to obtain treatment. (*Id.* at 7).

The Court denies Plaintiff's motion for reconsideration with respect to this claim. Nothing in the complaint or in Plaintiff's motion demonstrates that Aranas, Cox, Sandoval, or Masto knew that Plaintiff was an HIV-positive inmate who was not receiving treatment. The fact that these individuals were responsible for creating policies in general does not establish that they knew about Plaintiff's specific medical situation. Additionally, the mere existence of the statute does not demonstrate that Cox actually knew about Plaintiff's medical situation. This claim shall proceed as stated in this Court's January 21, 2015, screening order. (*See* Doc. 9 at 15).

**D.  Count III-Mental Health Allegations**

In the screening order, the Court found that Plaintiff stated a colorable deliberate-indifference-to-serious-mental-health-needs claim against Williams only. (Doc. 9 at 11). The Court dismissed the claim as against Cox, Aranas, Sandoval, Neven, Hookham, and Masto, with prejudice, because there were no allegations that these individuals had known about Plaintiff's repeated

4

requests and need for a mental health care provider. (*Id.*).

In the motion for reconsideration, Plaintiff argues that the dismissed defendants were responsible for regulating the number of mental health employees and, thus, should have been aware of his issue. (Doc. 11 at 8). Plaintiff also asserts that Neven and Hookham knew about Plaintiff's mental health needs because he had filed several grievances and wrote Hookham on several occasions, as demonstrated by the exhibits attached to his amended complaint. (*Id.* at 9).

The Court denies the motion for reconsideration against Cox, Aranas, Sandoval, and Masto. There is nothing in the complaint that demonstrates that these defendants knew that Plaintiff had requested or needed a mental health provider regardless of whether they were in charge of staffing the unit. With respect to Neven and Hookham, the Court has reviewed the exhibits from the amended complaint that Plaintiff asserts demonstrates that Neven and Hookham knew about his mental health needs. Exhibits 17, 18, 24, 25, 32, and 33 are copies of the informal grievances that Plaintiff wrote; they do not demonstrate that Neven received a copy of these grievances or even knew about them. (Doc. 10 at 52-53, 59-60, 67-68). Exhibits 26 and 27, however, do demonstrate that Plaintiff had written letters to Hookham on September 4, 2014, and October 1, 2014. (*Id.* at 61-62). This claim shall therefore proceed against defendant Williams and Hookham, but it is dismissed (with prejudice, as amendment would be futile) as against defendants Cox, Aranas, Sandoval, Neven, and Masto.

### E.     Count IV

In the screening order, the Court dismissed this claim with prejudice as amendment would be futile because Plaintiff only concluded that defendants discriminated against him because he is HIV positive but he did not provide any factual allegations to support that conclusion. (Doc. 9 at 12).

In the motion for reconsideration, Plaintiff argues that he was also alleging that the policies and protocols that defendants formulated discriminated against HIV positive inmates and then realleges arguments about serious medical needs. (Doc. 11 at 10). Plaintiff asserts that this Court permitted his Eighth Amendment claim to proceed and that this claim arises from the same actions. (*Id.* at 10-11).

5

The Court denies Plaintiff's motion for reconsideration on this claim. The facts needed to establish a Fourteenth Amendment discrimination claim are different from the facts needed to establish an Eighth Amendment claim. This claim remains dismissed with prejudice in accordance with this Court's January 21, 2015 screening order. (*See* Doc. 9 at 15).

### F. Appointment of Counsel

Plaintiff asks this Court to reconsider its denial of appointment of counsel because Plaintiff does have exceptional circumstances that warrant the appointment of counsel. (Doc. 11 at 11-14). The Court does not find that these circumstances warrant the appointment of counsel. The Court denies the motion for reconsideration on this issue.

## II. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that the motion for reconsideration **(Doc. 11) is granted in part and denied in part**:

A. This Court's January 21, 2015 screening order **(Doc. 9) is amended** to state the following:

    1. **Count I, alleging deliberate indifference to serious medical needs, shall proceed against defendants Jane Does 1 and 2 (when Plaintiff learns their identities), Naphcare, CCDC Medical Service Providers, and LVMPD/CCDC**. This claim is **dismissed with prejudice against the Nevada Department of Health.**

    2. **Count II, alleging Equal Protection Clause violations, shall proceed against defendants Jane Does 1 and 2** (when Plaintiff learns their identities), Naphcare, CCDC Medical Service Providers, and LVMPD/CCDC. This claim is **dismissed with prejudice against the Nevada Department of Health.**

    3. **Count III, alleging deliberate indifference to serious mental health needs, shall proceed against defendants Williams and Hookham**. The claim is **dismissed with prejudice against defendants Cox, Aranas, Sandoval, Neven, and Masto.**

B. The screening order **(Doc. 9) remains the same with respect to Counts III (medical allegations), Count IV, V, and VI.**

**IT IS FURTHER ORDERED as to the NDOC defendants:**

1. Given the nature of the claim(s) that the Court has permitted to proceed, **this action is STAYED for 90 days**[4] to allow Plaintiff and defendant(s) an opportunity to settle their dispute before the $350.00 filing fee is paid, an answer is filed, or the discovery process begins. During this 90-day stay period, **no other pleadings or papers shall be filed in this case, and the parties shall not engage in any discovery**. The Court will refer this case to the Court's Inmate Early Mediation Program, and the Court will enter a subsequent order. Regardless, on or before 90 days from the date this order is entered, the Office of the Attorney General shall file the report form attached to this order regarding the results of the 90-day stay, even if a stipulation for dismissal is entered prior to the end of the 90-day stay. If the parties proceed with this action, the Court will then issue an order setting a date for defendants to file an answer or other response. Following the filing of an answer, the Court will issue a scheduling order setting discovery and dispositive motion deadlines.

2. "Settlement" may or may not include payment of money damages. It also may or may not include an agreement to resolve Plaintiff's issues differently. A compromise agreement is one in which neither party is completely satisfied with the result, but both have given something up and both have obtained something in return.

3. **If the case does not settle, Plaintiff will be required to pay the full $350.00 filing fee**. This fee cannot be waived. If Plaintiff is allowed to proceed *in forma pauperis,* the fee will be paid in installments from his prison trust account. 28 U.S.C. § 1915(b). If Plaintiff is not allowed to proceed *in forma pauperis*, the $350.00 will be due immediately.

4. If any party seeks to have this case excluded from the inmate mediation program, that party shall file a "motion to exclude case from mediation" within 21 days from the date of this order. The responding party shall have 7 days to file a response. No reply shall be filed. Thereafter, the Court will issue an order, set the matter for hearing, or both.

5. **The Clerk of the Court shall electronically SERVE a copy of this order, a copy**

---

[4] The Court is restarting the 90-day stay from the date of this order.

7

**of the original screening order (Doc. 9) and a copy of Plaintiff's amended complaint (Doc. 10) on the Office of the Attorney General of the State of Nevada, attention Kat Howe.**

6. The Attorney General's Office shall advise the Court within 21 days of the date of the entry of this order whether it will enter a limited notice of appearance on behalf of defendants for the purpose of settlement.[5]  No defenses or objections, including lack of service, shall be waived as a result of the filing of the limited notice of appearance.

**IT IS FURTHER ORDERED as to defendants Naphcare, CCDC Medical Service Providers, and LVMPD/CCDC:**

1. This action is **STAYED** for **90 days** to allow Plaintiff and the NDOC defendants an opportunity to settle their dispute before an answer is filed or the discovery process begins.  The Court encourages defendants Naphcare, CCDC Medical Service Providers, and LVMPD/CCDC to contact the Attorney General's Office for purposes of participating in settlement discussions with Plaintiff.

2. As discussed below, Plaintiff, through the U.S. Marshal's Office, shall serve defendants Naphcare, CCDC Medical Service Providers, and LVMPD/CCDC for the limited purpose of engaging in settlement discussions during the 90-day stay.

3. Defendants Naphcare, CCDC Medical Service Providers, and LVMPD/CCDC shall advise the Court within **21 days** of service whether they will enter a limited notice of appearance for the purpose of settlement.  No defenses or objections, including lack of service, shall be waived as a result of the filing of the limited notice of appearance.

4. If defendants Naphcare, CCDC Medical Service Providers, and LVMPD/CCDC choose to engage in settlement discussions, they shall file a version of the report form attached to this order regarding the results of the 90-day stay, even if a stipulation for dismissal is entered prior to the end of the 90-day stay.  The report shall be filed on or before **90 days** from the date this order

---

[5] The Court acknowledges that NDOC defendants have made a notice of appearance for purposes of the original 90-day stay. (Doc. 15). The Court directs NDOC defendants to enter another notice of appearance if they wish to appear for purposes of the second 90-day stay.

is entered.

5. At the conclusion of the 90-day stay, if the parties proceed with this action, the Court will then issue an order setting a date for defendants Naphcare, CCDC Medical Service Providers, and LVMPD/CCDC to file an answer or other response. Following the filing of an answer, the Court will issue a scheduling order setting discovery and dispositive motion deadlines.

IT IS FURTHER ORDERED that **the Clerk of Court SHALL ISSUE summonses for defendants Naphcare, CCDC Medical Service Providers, and LVMPD/CCDC, AND DELIVER THE SAME**, along with the amended complaint (Doc. 10), to the U.S. Marshal for service. The Clerk of the Court also **SHALL SEND** to Plaintiff **three** USM-285 forms, one copy of the amended complaint (Doc. 10), a copy of the original screening order (Doc. 9), and a copy of this order. Plaintiff shall have **30 days** within which to furnish to the U.S. Marshal the required USM-285 forms with relevant information as to defendants Naphcare, CCDC Medical Service Providers, and LVMPD/CCDC on the forms. Within **20 days** after receiving from the U.S. Marshal a copy of the USM-285 forms showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying which defendants were served and which were not served, if any. If Plaintiff wishes to have service again attempted on an unserved defendant(s), then a motion must be filed with the Court identifying the unserved defendant(s) and specifying a more detailed name and/or address for said defendant(s), or whether some other manner of service should be attempted.

DATED this 9th day of April, 2015.

_____
Jennifer Dorsey
United States District Judge

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DONALD W. MOON,                              )
                                             )
      Plaintiff,                        )
                                             )
  v.                                         )   2:14-cv-1468-JAD-VCF
                                             )
                                             )   REPORT OF ATTORNEY GENERAL
CLARK COUNTY DETENTION CENTER et             )   RE: RESULT OF 90-DAY STAY
al.,                                         )
                                             )
      Defendants.                       )

**NOTE: ONLY THE OFFICE OF THE ATTORNEY GENERAL SHALL FILE THIS FORM. THE INMATE PLAINTIFF SHALL NOT FILE THIS FORM.**

On April 9, 2015, the Court issued its amended screening order stating that it had conducted its screening pursuant to 28 U.S.C. § 1915A, and that certain specified claims in this case would proceed. The Court ordered the Office of the Attorney General of the State of Nevada to file a report 90 days after the date of the entry of the Court's screening order to indicate the status of the case at the end of the 90-day stay. By filing this form, the Office of the Attorney General hereby complies.

**REPORT FORM**

[Identify which of the following two situations (identified in bold type) describes the case, and follow the instructions corresponding to the proper statement.]

**Situation One: Mediated Case: The case was assigned to mediation by a court-appointed mediator during the 90-day stay.** [If this statement is accurate, check **ONE** of the six statements below and fill in any additional information as required, then proceed to the signature block.]

    \_\_\_\_ A mediation session with a court-appointed mediator was held on _____ [*enter date*], and as of this date, the parties have reached a settlement (*even if paperwork to memorialize the settlement remains to be completed*). (*If this box is checked, the parties are on notice that they must SEPARATELY file either a contemporaneous stipulation of dismissal or a motion requesting that the Court continue the stay in the case until a specified date upon which they will file a stipulation of dismissal.*)

    \_\_\_\_ A mediation session with a court-appointed mediator was held on _____ [*enter date*], and as of this date, the parties have not reached a settlement. The Office of the Attorney General therefore informs the Court of its intent to proceed with this action.

    \_\_\_\_ No mediation session with a court-appointed mediator was held during the 90-day stay, but the parties have nevertheless settled the case. (*If this box is checked, the*

1

|   |   |
|---|---|
| 1 | *parties are on notice that they must SEPARATELY file a contemporaneous stipulation of dismissal or a motion requesting that the Court continue the stay in this case until a specified date upon which they will file a stipulation of dismissal.)* |
| 2 | |

3    ____   No mediation session with a court-appointed mediator was held during the 90-day stay, but one is currently scheduled for _____ [*enter date*].

4

5    ____   No mediation session with a court-appointed mediator was held during the 90-day stay, and as of this date, no date certain has been scheduled for such a session.

6    ____   None of the above five statements describes the status of this case. Contemporaneously with the filing of this report, the Office of the Attorney General of the State of Nevada is filing a separate document detailing the status of this case.

7

\* \* \* \* \*

**Situation Two: Informal Settlement Discussions Case: The case was NOT assigned to mediation with a court-appointed mediator during the 90-day stay; rather, the parties were encouraged to engage in informal settlement negotiations**. [If this statement is accurate, check **ONE** of the four statements below and fill in any additional information as required, then proceed to the signature block.]

____   The parties engaged in settlement discussions and as of this date, the parties have reached a settlement (*even if the paperwork to memorialize the settlement remains to be completed*).  (*If this box is checked, the parties are on notice that they must SEPARATELY file either a contemporaneous stipulation of dismissal or a motion requesting that the Court continue the stay in this case until a specified date upon which they will file a stipulation of dismissal.)*

____   The parties engaged in settlement discussions and as of this date, the parties have not reached a settlement.  The Office of the Attorney General therefore informs the Court of its intent to proceed with this action.

____   The parties have not engaged in settlement discussions and as of this date, the parties have not reached a settlement.  The Office of the Attorney General therefore informs the Court of its intent to proceed with this action.

____   None of the above three statements fully describes the status of this case. Contemporaneously with the filing of this report, the Office of the Attorney General of the State of Nevada is filing a separate document detailing the status of this case.

Submitted this _____ day of _____, _____ by:

Attorney Name: _____           _____
                       Print                                                                  Signature

Address:       _____           Phone: _____

               _____           Email: _____

2